UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES, | Criminal Action No. 03-cr-331-14 (CKK) |
| v. | |
| WALDEMAR LORENZANA-CORDON, | REDACTED |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**
(July 26, 2016)

The Court is in receipt of Defendant Waldemar Lorenzana-Cordon's [841] Motion to Unseal Indictment, in which Defendant requests that this Court unseal the complete Indictment in this case. Upon consideration of the parties' submissions,[1] the relevant legal authorities, and the record as a whole, the Court shall DENY Defendant's Motion to Unseal Indictment. The Court finds that unsealing the complete Indictment in this case would be unwarranted, pursuant to Federal Rule of Criminal Procedure 6(e)(4). The Court further finds that the Government's proposal to provide Defendant a copy of a partially unsealed indictment strikes an appropriate balance between affording Defendant access to information in order to make his arguments to the Court, while protecting the identities of those co-defendants who are being actively sought, or whose identities should be protected for good cause.

**I. DISCUSSION**

On July 6, 2016, Defendant filed a Motion to Unseal Indictment, in which Defendant requests that the Court unredact the names of 13 co-defendants listed in the Third Superseding

---

[1] The Court's consideration has focused on the following documents: Def.'s Motion to Unseal Indictment, ECF No. [841]; Govt.'s Opp'n to Def.'s Motion, ECF No. [842]; Redacted Third Superseding Indictment, ECF No. [522]. In addition, the Court reviewed *in camera* the Government's Sealed *Ex Parte* Supplemental Memorandum in Opposition to Defendant's Motion to Unseal Indictment, ECF No. [844] and the Government's Sealed *Ex Parte* Notice of Reasons for Sealing Named Persons, ECF No. [845].

1

Indictment.  *See* Def.'s Motion to Unseal Indictment, ECF No. [841]; *see also* Redacted Third Superseding Indictment, ECF No. [522].  In support of his motion, Defendant asserts that a "complete record of the actual charged indictment is important to Defendant's legal issues [to be raised in Defendant's Rule 29 and/or Rule 33 motion]," and that sealing of the indictment is no longer necessary because the indictment was issued over seven years ago.  *See* Def.'s Motion to Unseal Indictment, ECF No. [841]*,* at 2-3.  However, Defendant's motion also states that Defense Counsel has received an unredacted copy of the purported Indictment as part of extradition papers that the government of Guatemala provided in response to inquiries by Defendants' family and/or counsel for the family.  *Id.*  Counsel states that "[i]f the Court were to deny this motion to unseal, Defendant could still make the same arguments by filing a completely sealed pleading, but Defendant submits that this unnecessarily complicate the post-trial process, and possibly the appeal process." *Id.* at 4.

The Government opposes Defendant's motion, citing Federal Rule of Criminal Procedure 6(e)(4), which authorizes indictments to be "kept secret until the defendant is in custody."  Fed. R. Crim. P. 6(e)(4); *see also* Govt.'s Opp'n to Def.'s Motion, ECF No. [843], at 3.  The Government also cites *United States v. Muse*, in which the Second Circuit observed that one purpose of Rule 6(e)(4) is to "prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest."  633 F.2d 1041, 1043-44 (2d Cir. 1980) (en banc); *see also id.* (holding that an indictment involving multiple defendants may remain sealed, even if one or more defendants' whereabouts are known, as long as the decision is "based on the legitimate prosecutorial needs of the Government to capture those properly indicted from criminal activity"). The Government also cited several cases for the proposition that Rule 6(e)(4) authorizes indictments to remain sealed for "sound reasons of policy" or where the "public interest requires

it." *See, e.g.*, *United States v. Southland Corp.*, 760 F.2d 1366, 1379 (2d Cir. 1985); *United States v. Edwards*, 777 F.2d 644, 648 (11th Cir. 1985); *United States v. Michael*, 180 F.2d 180 F.2d 55, 57 (3d Cir. 1949).

The Government asserts that in this case, unsealing the Indictment "has the potential to cause serious harm," such as "tipping off" defendants and co-conspirators who do not know that they have been indicted and affording them the ability to retaliate against potential witnesses and destroy evidence while evading law enforcement. Govt.'s Opp'n to Def.'s Motion, ECF No. [843], at 7. The Government also argues that "sound reasons of policy" support the continued redaction of the names of certain co-defendants who are no longer fugitives. *See id.* Upon the Court's request, the Government filed two *ex parte* notices for the Court's *in camera* review, explaining their proffered policy justifications. *See* Govt.'s Sealed *Ex Parte* Supplemental Memorandum in Opposition to Defendant's Motion to Unseal Indictment, ECF No. [844]; Govt.'s Sealed *Ex Parte* Notice of Reasons for Sealing Named Persons, ECF No. [845].

In opposing Defendant's motion, the Government also proposes an alternative plan, under which the Government would provide Defendant a copy of a partially unsealed indictment with the unredacted names of eight co-defendants who either testified at trial, have concluded or are serving their sentences, or are deceased. *See* Govt.'s Opp'n to Def.'s Motion, ECF No. [843], at 9. The Government would redact the names of five co-defendants who are fugitives or whose names need to remain redacted for sound policy reasons. *See id.* The disclosure of the partially unsealed indictment would be subject to the existing Protective Order applicable to discovery in this case, which *inter alia*, prohibits Defense Counsel from further distribution of the protected materials. *See* Protective Order for Discovery Applicable to Waldemar Lorenzana-Cordon, ECF No. [551].

3

Upon review of the parties' submissions, including the Court's *in camera* review of the Government's two *ex parte* filings, the Court finds that unsealing the complete indictment in this case would be unwarranted pursuant to Federal Rule of Criminal Procedure 6(e)(4), and that Defendant would not be prejudiced by the proposal advanced by the Government.

As a preliminary matter, the Court agrees that the names of co-defendants who are still fugitives should remain under seal. Although the Indictment was issued in November 2007, extraditions have occurred on a rolling basis over the intervening years—in 2009, 2011, 2012, 2014, and 2015. There is no reason to conclude that the remaining co-defendants "already know about the indictment or are feeling something more serious, such as a vendetta by other angry drug traffickers." Def.'s Mot. to Unseal, ECF No. [841], at 3. Furthermore, in its *Ex Parte* Notice of Reasons for Sealing Named Persons, the Government submits information sufficient to conclude that release of the fugitives' names could jeopardize ongoing capture operations. *See* Govt.'s Sealed *Ex Parte* Notice of Reasons for Sealing Named Persons, ECF No. [845].

The Court also agrees that "sound policy reasons" support the continued sealing on the public docket of the names of certain co-defendants who testified at trial, who are deceased, or who have concluded their sentences. Specifically, in the Government's Supplemental Opposition to Defense Motion to Unseal Indictment, the Government submits that ███████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████

4

Moreover, Defendant would not be prejudiced if the complete Indictment is not unsealed. Defense Counsel has asserted that he has an unredacted copy of the purported Indictment as part of extradition papers produced by the government of Guatemala. Moreover, Defense Counsel has acknowledged that the public unsealing of the Indictment would have no effect on his ability to raise his legal arguments in his Rule 29 and/or Rule 33 motion. *See* Def.'s Motion to Unseal Indictment, ECF No. [841], at 2-3.

In light of the foregoing, the Court finds that unsealing the complete indictment in this case would be unwarranted. Fed. R. Crim. P. 6(e)(4); *see also Muse*, 633 F.2d at 1043-44. The Court further finds that the Government's proposal strikes an appropriate balance between affording Defendant access to information in order to make his arguments to the Court, while protecting the identities of those who are being actively sought, or whose identities should be protected for good cause.

Accordingly, the Court shall require the Government to provide Defendant with a copy of a partially unsealed Indictment with the unredacted names of nine co-defendants who either testified at trial, have concluded or are serving their sentences, or are deceased. Referencing the co-defendants by their relative placement on the Third Superseding Indictment (*i.e.*, Waldemar Lorenzana-Cordon is Defendant No. 11), the Government shall provide the names of the following co-defendants, subject to the terms of the Protective Order: Nos. 1-6, 8, 10, and 13.[2] *See* Protective Order for Discovery Applicable to Waldemar Lorenzana-Cordon, ECF No. [551]. The

---

[2] The Court notes that Defendant No. 8 is Defendant's father, Waldemar Lorenzana-Lima. Mr. Lorenzana-Lima's name was unredacted in the Third Superseding Indictment published on the public docket in this case in November 2014. *See* Redacted Indictment, ECF No. [522].

Defendant No. 10 is Defendant' brother, Eliu Lorenzana-Cordon. Mr. Eliu Lorenzana-Cordon's name was unredacted in the Third Superseding Indictment published on the public docket in his case, 03cr-331-13, in April 2015. *See* Redacted Indictment, ECF No. [563].

Government shall redact the names of five co-defendants—Defendants Nos. 7, 9, 12, 14, and 15—who are fugitives or whose names need to remain redacted for sound policy reasons.

For the convenience of the parties, the Court has prepared the following table, which sets forth the names of the co-defendants to be disclosed by the Government in accordance with the Protective Order:

| Table 1: Defendants Listed in Third Superseding Indictment | |
|---|---|
| Defendant No. 1 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 2 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 3 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 4 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 5 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 6 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 7 | Name to remain undisclosed. |
| Defendant No. 8 | Waldemar Lorenzana-Lima (name already disclosed to Defendant) |
| Defendant No. 9 | Name to remain undisclosed. |
| Defendant No. 10 | Eliu Lorenzana-Cordon (name already disclosed to Defendant) |
| Defendant No. 11 | Defendant Waldemar Lorenzana-Cordon |
| Defendant No. 12 | Name to remain undisclosed. |
| Defendant No. 13 | Name to be disclosed in accordance with Protective Order. |
| Defendant No. 14 | Name to remain undisclosed. |
| Defendant No. 15 | Name to remain undisclosed. |

## II. CONCLUSION

For the reasons described above, it is, this 26th day of July, 2016, hereby **ORDERED** that the Court shall DENY Defendant's Motion to Unseal Indictment; it is

**FURTHER ORDERED** that the Government shall, within ten business days of this Memorandum Opinion and Order, by no later than **August 9, 2016**, provide Defendant with a copy of a partially unsealed Indictment with the unredacted names of eight co-defendants—Defendants

Nos. 1-6, 8, and 13—who either testified at trial, have concluded or are serving their sentences, or are deceased; it is

**FURTHER ORDERED** that the Government shall provide these names in accordance with the terms of the Protective Order for Discovery Applicable to Waldemar Lorenzana-Cordon, ECF No. [551]; it is

**FURTHER ORDERED** that the Government shall redact the names of five co-defendants—Defendants Nos. 7, 9, 12, 14, and 15—who are fugitives or whose names need to remain redacted for sound policy reasons; it is

**FURTHER ORDERED** that any post-trial Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and any Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33 shall be filed by Defendant Waldemar Lorenzana-Cordon on or before **August 23, 2016**;[3]

**FURTHER ORDERED** that the Government's Response to any Motion for Judgment of Acquittal and/or Motion for New Trial shall be filed on or before **September 23, 2016**; it is

**FURTHER ORDERED** that Defendant Waldemar Lorenzana-Cordon's Reply shall be filed on or before **October 7, 2016**;

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[3] The Court notes that in determining the appropriate dates for this briefing schedule, the Court has considered the fact that Defense Counsel already has access to an unredacted copy of the purported Indictment. As such, it appears unlikely the Government's production of the partially unsealed Indictment would significantly affect the time necessary for Defense Counsel to prepare his legal arguments in Defendant's Motion for Judgment of Acquittal and/or Motion for New Trial.